Michael L. Rodenbaugh
California Bar No. 179059
RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104
(415) 738-8087 phone/fax
info@rodenbaugh.com
(pro hac vice pending)

David D. Lin (DL-3666)
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY 11021
Tel: (718) 243-9323
Fax: (718) 243-9326
David@iLawco.com

*Attorneys for Plaintiff*
*DH Services, LLC.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DH SERVICES, LLC, a New York Limited Liability Company, | Case No. |
| Plaintiff, | |
| v. | ECF CASE |
| POSITIVE IMPACT, INC., a Georgia non-profit corporation, | **COMPLAINT FOR:** |
| Defendant. | 1. Declaratory Judgment of no Trademark Infringement; |
| | 2. Declaratory Judgment of no Trademark Dilution; |
| | 3. Declaratory Judgment of no Unfair Competition on the part of Plaintiff; |
| | 4. Common Law Unfair Competition; |
| | 5. Unlawful Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349; and |
| | 6. Injunction Prohibiting Further Unfair Conduct by Defendants |
| | **JURY TRIAL DEMANDED** |

## I. JURISDICTION AND VENUE

1.     This is an action for a declaratory judgment of no trademark infringement, dilution and/or unfair competition, and of Plaintiff's right to continue to use its mark in connection with goods and services that it has offered in interstate commerce since at least May, 2011.

2.     Plaintiff also asserts an affirmative claim against Defendant for common law unfair competition.

3.     This Court has subject matter jurisdiction based upon federal questions, under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. The claims alleged in the Complaint arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and focus upon the parties' respective trademark rights. This Court also has subject matter jurisdiction based upon diversity of the parties per 28 U.S.C. § 1332, as Plaintiff is a New York limited liability company that maintains its principal place of business within New York, Defendant is a non-profit community-based organization in Atlanta, Georgia with its principal place of business in Georgia, and the value in controversy exceeds $75,000.

4.     This Court has personal jurisdiction over Defendant because the Defendant has sufficient contacts with and transacts business in the State of New York and this judicial District subjecting it to the personal jurisdiction of this Court pursuant to New York Civil Practice Law and Rules ("CPLR") § 302(a) (1), and because Defendant has purposefully availed itself to this forum.

5.     Venue is proper in this Judicial District under 28 U.S.C §§ 1391.

## II. PARTIES

6.  Plaintiff DH Services, LLC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York.

7.  Upon information and belief, Defendant Positive Impact, Inc. is a non-profit corporation organized and existing under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia.

## III. BACKGROUND

### A. Plaintiff's Products and Marks

8.  Plaintiff is a communication software and application service provider that offers online and mobile social networking and dating services to its users.

9.  Plaintiff's software applications facilitate dating and social networking services for Plaintiff's users.

10. Plaintiff began offering a software application ("app") downloadable to mobile phones and other handheld electronic devices for use in online dating and social networking under the marks MR. and MISTER, as early as May 2011.

11. Since then, Plaintiff has continuously promoted this branded social networking app, and it has achieved a wide user base.

12. Through continuous and exclusive use since then, Plaintiff's MISTER and MR. marks serve to identify and indicate the source of Plaintiff's products to consumers throughout the United States and in many foreign countries, thus creating trademark rights inuring to the benefit of Plaintiff.

13. Plaintiff owns the following U.S. trademark registrations for the MISTER

and MR. marks:

    a. Reg. No. 4180412 for the mark MR. for use on software in International Classes 9 and 42 and dating and social networking services in International Class 45; and

    b. Reg. No. 4180410 for the mark MISTER for use on software in International Classes 9 and 42 and dating and social networking services in International Class 45.

14. The above marks have been reviewed by the U.S. Patent & Trademark Office ("USPTO"), have been allowed for registration, and subsequently have registered on the Principal Register upon Plaintiff's proof of *bona fide* use in commerce.

15. Despite more than one year of co-existence, and wide promotion of Plaintiff's mark and adoption of Plaintiff's branded software product, Plaintiff is not aware of any instance or evidence of actual confusion between its products and the services of Defendant.

**B. Defendant's Services**

16. Defendant runs a non-profit mental health counseling, substance abuse treatment and risk-reduction service program for people affected by HIV.

17. One of Defendant's community-based programs is titled M.I.S.T.E.R., which is plainly marketed as an acronym meaning Men's Information Services: Testing, Empowerment, Resources. Defendant offers HIV testing, support and counseling services for individuals affected by HIV, and education and information services regarding HIV and other sexually transmitted diseases.

18. Defendant offers the M.I.S.T.E.R. services from Defendant's sole physical

location in Atlanta, Georgia.

19.  On information and belief, Defendant offers its M.I.S.T.E.R services exclusively at its location in Atlanta, Georgia and promotes its services solely to individuals in the Atlanta area.

20.  On information and belief, Defendant does not use its alleged MISTER mark in connection with software of any kind, nor in connection with online social networking or dating services, nor in connection with any other goods or services related to Plaintiff's branded software application and services.

**C.  Defendant Has Created a Justiciable Controversy Requiring Resolution by the Court.**

21.  In April, 2012, Defendant began to target Plaintiff with a bogus claim of trademark infringement and dilution.  On April 30, 2012, Defendant's counsel sent a letter to Plaintiff claiming that Plaintiff's service are antithetical to Defendant's mission, alleging that Plaintiff's mark infringes and dilutes Defendant's mark, and demanding that Plaintiff cease use of the mark and terminate its efforts to register its marks within the United States Trademark and Patent Office ("USPTO").

22.  Defendant's letter dated April 30, 2012, stated that Defendant has used the MISTER mark continuously throughout the United States since October of 2010, despite clear evidence on Defendant's website that Defendant operates a drop-in center located in Atlanta, Georgia and offers its services to meet "the unique needs of gay and bisexual men in metropolitan Atlanta."

23.  For the past several months, Plaintiff and Defendant have engaged in settlement discussions, none of which were fruitful.  On August 7, 2012, Defendant's

counsel communicated by telephone with Plaintiff's counsel that, if Plaintiff does not cease use of its MISTER mark and cancel that federal trademark registration immediately, then on August 12, 2012, Defendant will initiate legal proceedings to cancel the mark. Defendant's counsel emphasized that he and another "litigator" were freely available to Defendant in this matter on a *pro bono* basis, suggesting that the costs of litigation would be much higher for Plaintiff than for Defendant.

24. If Defendant proceeds with this threat, then Defendant must allege that Plaintiff's registration and use of its mark is likely to confuse consumers, and thus infringes Defendant's trademark. This is consistent with Defendant's first letter to Plaintiff, alleging trademark infringement and dilution.

25. Not only do Defendant's allegations of trademark infringement create a cloud on Plaintiff's valuable trademark rights, but also the initiation of legal proceedings would effectively terminate those rights if no responsive action is taken on the part of Plaintiff.

26. Defendant's trademark infringement and dilution allegations are particularly threatening to Plaintiff, since Defendant could restate those allegations in a federal complaint and sue Plaintiff in district court at any time, via use of *pro bono* legal counsel at no cost to Defendant.

27. Defendant's infringement allegations and threat to cancel Plaintiff's mark, Defendant's *pro bono* counsel's refusal to discuss reasonable settlement options, collectively show a substantial and immediate controversy justifying the declaratory and injunctive relief that Plaintiff seeks.

28. Defendant's actions to threaten Plaintiff with outlandish claims of

trademark infringement and unfair competition have been knowingly false and deceptive, made solely with the improper purpose of convincing Plaintiff to accede to Defendant's demands rather than pay to hire counsel to protect Plaintiff's trademark rights.

29. Thus, Plaintiff seeks an appropriate declaratory judgment and permanent injunction from this Court, and further states a claim for unfair competition.

## IV. CLAIMS FOR RELIEF

## COUNT I

### Declaration of *no* Trademark Infringement

30. Plaintiff restates and re-alleges paragraphs 1-29 of this Complaint as though fully set forth herein.

31. Plaintiff believes that it may be sued by Defendant and therefore may be potentially subject to liability to Defendant for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), if Plaintiff continues its core business activities, including offering software and online social networking and dating services bearing the MR. and MISTER marks.

32. An actual and substantial controversy exists between Defendant and Plaintiff to warrant the issuance of a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02.

33. There is no likelihood of confusion between Plaintiff's federally registered MISTER and MR. marks and the alleged common law M.I.S.T.E.R. mark of the Defendant.

34. Plaintiff's use of its MISTER and MR. trademarks does <u>not</u> infringe Defendant's trademark rights.

7

35. Defendant is <u>not</u> entitled to injunctive relief nor to any of the monetary remedies set forth in Section 35 of the Lanham Act, 15 U.S.C. § 1117 (including but not limited to profits, damages, costs, or attorneys' fees), for trademark infringement based on Plaintiff's use of its MR. and MISTER marks to offer software and online social networking and dating services entirely unrelated to Defendant's mental health and HIV counseling services.

## COUNT II

### Declaration of *no* Trademark Dilution

36. Plaintiff restates and re-alleges paragraphs 1-35 of this Complaint as though fully set forth herein.

37. Plaintiff believes that it may be sued by Defendant and thus be potentially subject to liability to Defendant for trademark dilution under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c), if Plaintiff continues its activities, including offering software and online social networking and dating services bearing the MR. and MISTER marks.

38. An actual and substantial controversy exists between Defendant and Plaintiff to warrant the issuance of a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02.

39. Plaintiff's activities, including its use of its federally registered MR. and MISTER marks, do <u>not</u> constitute dilution of Defendant's purported common law mark under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c).

40. Defendant is <u>not</u> entitled to injunctive relief or to any of the monetary remedies set forth in Section 35 of the Lanham Act, 15 U.S.C. § 1117 (including but not limited to profits, damages, costs, or attorneys' fees) based on Plaintiff's use of its MR.

and MISTER marks in connection with offering software and online social networking and dating services entirely unrelated to Defendant's services.

## COUNT III

### Declaration of *no* Unfair Competition

41.   Plaintiff restates and re-alleges paragraphs 1-40 of this Complaint as though fully set forth herein.

42.   Plaintiff believes that it may be sued by Defendant and/or subject to liability to it for trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), if Plaintiff continues its activities, including offering software and online social networking and dating services bearing the MR. and MISTER marks.

43.   An actual and substantial controversy exists between Defendant and Plaintiff to warrant the issuance of a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02.

44.   Plaintiff's activities, including its use of its MR. and MISTER marks, do not constitute unfair competition or infringement of Defendant's purported rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.   Defendant is not entitled to injunctive relief or to any of the monetary remedies set forth in Section 35 of the Lanham Act, 15 U.S.C. § 1117 (including but not limited to profits, damages, costs, or attorneys' fees) based on Plaintiff's use of its MR. and MISTER marks in connection with offering software and online social networking and dating services entirely unrelated to Defendant's services.

## COUNT IV

### Common Law Unfair Competition

46. Plaintiff restates and re-alleges paragraphs 1-45 of this Complaint as though fully set forth herein.

47. Defendant has initiated a plan of attack against Plaintiff with the object of terminating Plaintiff's trademark rights and registrations, its use of its marks and ultimately, damaging its business.

48. Defendant's activities constitute common law unfair competition.

49. Plaintiff has been damaged by the legal uncertainty surrounding its trademark rights, solely caused by Defendant's blatantly outlandish trademark infringement allegations. This has harmed Plaintiff's business and reputation, including but not limited to expenditures required to defend Plaintiff's rights in response to those allegations.

## COUNT V

**Unlawful Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349**

50. Plaintiff restates and re-alleges paragraphs 1-49 of this Complaint as though fully set forth herein.

51. Defendant has initiated a plan of attack against Plaintiff with the object of terminating Plaintiff's trademark rights and registrations, its use of its marks and ultimately, damaging its business.

52. Defendant's activities constitute unlawful deceptive acts and practices under N.Y. law.

53. Plaintiff has been damaged by the legal uncertainty surrounding its trademark rights, solely caused by Defendant's blatantly outlandish trademark infringement allegations. This has harmed Plaintiff's business and reputation, including but not limited to expenditures required to defend Plaintiff's rights in response to those

allegations.

## COUNT VI

### Permanent Injunction

54. Plaintiff restates and re-alleges paragraphs 1-53 of this Complaint as though fully set forth herein.

55. Plaintiff will be irreparably harmed if Defendant is not permanently enjoined from alleging that Plaintiff's use of its federally registered trademarks constitutes trademark infringement, dilution and unfair competition, and that such marks should be canceled.

56. This harm is not remediable by money damages, particularly to the extent that Plaintiff's commercial relationships and executive resources are negatively affected, causing loss of prospective customers and business goodwill.

57. This harm far outweighs any legitimate benefit to Defendant from continuing its harassing, illegitimate litigation plan.

58. It would best serve the public interest, and is within this Court's equitable powers, to grant the injunctive relief requested by Plaintiff.

### PRAYER FOR RELIEF

Plaintiff DH Services, LLC prays for judgment as follows:

1. For a declaration from this Court that Plaintiff's registration and use of its MR. and MISTER marks do not infringe the trademark rights nor any other purported rights of Defendant;

2. For a declaration from this Court that Plaintiff's registration and use of its MR. and MISTER marks do not dilute the trademark rights nor any

11

other purported rights of Defendant;

3. For a declaration from this Court that Plaintiff's activities, including its offering software and online social networking and dating services bearing the MR. and MISTER marks, do not constitute unfair competition;

4. For a declaration from this Court that Plaintiff's activities, including its offering software and online social networking and dating services bearing the MR. and MISTER marks, have not caused cognizable harm or monetary damage to Defendant;

5. For a declaration from this Court that Plaintiff is entitled to use, register, and maintain registrations for its MR., MISTER, and any MISTER-formative marks for the goods and services set forth above, in the United States and throughout the world;

6. For an injunction from this Court prohibiting Defendant from interfering with Plaintiff's use of its MR. and MISTER marks, by prohibiting Defendant from initiating a cancellation proceeding or otherwise interfering with the USPTO trademark registrations or registration process with respect to Plaintiff's MR., MISTER and any MISTER-formative marks.

7. For an injunction from this Court precluding Defendant from interfering with Plaintiff's use of its MR., MISTER and any MISTER-formative marks worldwide, including by prohibiting it from filing opposition or cancellation actions in foreign trademark offices.

8. For Plaintiff's costs of suit incurred;

9. For Plaintiff's reasonable attorneys' fees incurred;

10. For such other relief to Plaintiff as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues raised by this Complaint.

Dated: Brooklyn, New York
August 10, 2012

Respectfully submitted,

LEWIS & LIN, LLC

By: _____
David D. Lin (DL-3666)
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: David@iLawco.com

RODENBAUGH LAW
Michael L. Rodenbaugh
California Bar No. 179059
548 Market Street
San Francisco, CA 94104
Tel/Fax: (415) 738-8087
Email: info@rodenbaugh.com
(pro hac vice pending)

*Attorneys for Plaintiff*
*DH Services, LLC*