## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**DH SERVICES, LLC, a New York Limited Liability Company**,

                   Plaintiff,

    v.

**POSITIVE IMPACT, INC.**, a Georgia **non-profit corporation,**

                  Defendant.

Case No.: 12-CIV-6153 (RA)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND PARTIAL <u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>

Lisa Pearson (LP 4916)
Robert Potter (RP 5757)
KILPATRICK TOWNSEND & STOCKTON LLP
1114 Avenue of the Americas
New York, New York 10036-7703
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorneys for Defendant Positive Impact, Inc.*

Dated: October 17, 2012

## <u>TABLE OF CONTENTS</u>

BACKGROUND FACTS ...................................................................................................... 2

    The Parties ...................................................................................................................... 2

    Positive Impact's Lack of Contacts with New York ...................................................... 3

ARGUMENT ...................................................................................................................... 5

I.     THE COURT LACKS PERSONAL JURISDICTION OVER POSITIVE IMPACT ........ 5

    A.    Positive Impact's Mailing of a Letter to DH's California Counsel is Insufficient to Confer Personal Jurisdiction ...................................................................... 5

    B.    Positive Impact's Informational Website is Insufficient to Confer Personal Jurisdiction .................................................................................................... 7

    C.    Positive Impact Has No Continuous or Systematic Contacts with New York Sufficient to Establish General Jurisdiction Under CPLR § 301 ............................ 7

    D.    Positive Impact is Not Subject to Specific Jurisdiction in New York Under CPLR § 302(a) .............................................................................................................. 8

        1.    Positive Impact Does Not Transact Business or Supply Goods or Services in New York ............................................................................................. 8

        2.    Positive Impact Has Not Committed a Tort Within the State ................... 10

        3.    Positive Impact Has Not Committed a Tort Outside the State Causing Injury Within the State ........................................................................... 11

        4.    Positive Impact Does Not Own, Use or Possess Any Real Property Within New York .............................................................................................. 12

II.    DH'S FOURTH AND FIFTH CLAIMS FAIL TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED .................................................................................. 13

    A.    DH Has Not Alleged Requisite Elements of Its Unfair Competition Claim ......... 13

    B.    DH Has Not Alleged Requisite Elements of Its Claims for Unfair and Deceptive Trade Practices .................................................................................................. 14

CONCLUSION ................................................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Beacon Enters., Inc. v. Menzies,*
    715 F.2d 757 (2d Cir. 1983) ............................................................................................ 6

*Beja v. Jahangiri,*
    453 F.2d 959 (2d Cir. 1972) ............................................................................................ 5

*Bensusan Rest. Corp. v. King,*
    126 F.3d 25 (2d Cir. 1997) ...................................................................... 5, 10, 11, 12

*Carlson v. Cuevas,*
    932 F. Supp. 76 (S.D.N.Y. 1996) ........................................................................ 9, 10, 11

*Daly v. Llanes,*
    30 F. Supp. 2d 407 (S.D.N.Y. 1998) ............................................................................. 11

*DirectTV Inc. v. Lewis,*
    No. 03-CV-6241-CJS-JWF, 2005 WL 1006030 (W.D.N.Y. Apr. 29, 2005) .................. 16

*DirectTV Latin Am., LLC v. Park 610, LLC,*
    691 F. Supp. 2d 405 (S.D.N.Y. 2010) ................................................................ 5, 10, 13

*E. R.R Presidents Conference v. Noerr Motor Freight, Inc.,*
    365 U.S. 127 (1961) ........................................................................................................ 16

*Eliya, Inc. v. Kohl's Dep't Stores,*
    No. 06 Civ. 195 (GEL), 2006 WL 2645196 (S.D.N.Y. Sept. 13, 2006) .......................... 14

*Feathers v. McLucas,*
    15 N.Y.2d 443 (1965) ..................................................................................................... 11

*Fox v. Boucher,*
    794 F.2d 34 (2d Cir. 1986) ............................................................................................... 6

*Girl Scouts of U.S. v. Steir,*
    102 F. App'x 217 (2d Cir. 2004) ...................................................................................... 9

*Heptagon Creations, Ltd. v. Core Grp. Mktg. LLC,*
    No. 11 Civ. 01794 (CTS)(AJP), 2011 WL 6600267 (S.D.N.Y. Dec. 22, 2011) ............. 14

*Holey Soles Holdings, Ltd. V. Foam Creations, Inc.,*
    No. 5 CIV 6939 (MBM), 2006 WL 1147963 (S.D.N.Y. May 1, 2006) ............................ 7

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.,*
    58 F.3d 27 (2d Cir. 1995) ............................................................................................... 14

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,*
    918 F.2d 1039 (2d Cir. 1990) ....................................................................................... 7, 8

*Langenberg v. Sofair*,
    No. 03 CV 8339, 2006 WL 2628348 (S.D.N.Y. Sept. 11, 2006) ...................................... 2

*Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*,
    292 F. Supp. 2d 535 (S.D.N.Y. 2003) ........................................................................ 16

*Mayes v. Leipziger*,
    674 F.2d 178 (2d Cir. 1982) ....................................................................................... 9

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,*
    *N.A.*, 85 N.Y.2d 20 (1995) ........................................................................................ 15

*Primetime 24 Joint Venture v. NBC, Inc.*,
    219 F.3d 92 (2d Cir. 2000) ........................................................................................ 16

*Rebound Systems, Inc. v. Matchpoint Industries, Inc.*,
    192 U.S.P.Q. 346 (S.D.N.Y. 1976) .......................................................................... 10

*Rockland Exposition, Inc. v. Alliance of Auto. Serv. Providers of N.J.*,
    No. 08-CV-7069 (KMK), 2012 WL 4736333 (S.D.N.Y. Sept. 19, 2012) ................ 13, 14

*Rothman v. Gregor*,
    220 F.3d 81 (2d. Cir. 2000) ....................................................................................... 2

*Samiento v. World Yacht Inc.*,
    10 N.Y.3d 70 (2008) ................................................................................................. 15

*Schultz v. Safra Nat'l Bank of N.Y.*,
    377 F. App'x 101 (2d Cir. 2010) ............................................................................... 8

*Securitron Magnalock Corp. v. Schnabolk*,
    65 F.3d 256 (2d Cir. 1995) ....................................................................................... 15

*Seldon v. Magedson*,
    No. 11 Civ. 6218 (PAL)(MHD), 2012 WL 4475020 (S.D.N.Y. Sept. 28, 2012) .............. 5

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
    450 F.3d 100 (2d Cir. 2006) ....................................................................................... 9

*Spirit Locker, Inc. v. EVO Direct, LLC*,
    696 F. Supp. 2d 296 (E.D.N.Y. 2010) ....................................................................... 15

*Stein v. Annenberg Research Inst.*,
    No. 90 Civ. 5224, 1991 WL 143400 (S.D.N.Y. July 19, 1991) ....................................... 9

*Stutman v. Chem. Bank*,
    95 N.Y.2d 24 (N.Y. 2000) ........................................................................................ 15

*United Mine Workers v. Pennington*,
    381 U.S. 657 (1965) ................................................................................................. 16

*Van Essche v. Leroy*,
    692 F. Supp. 320 (S.D.N.Y. 1988) ............................................................................ 6

*Vitolo v. Mentor H/S, Inc.*,
    213 F. App'x 16 (2d Cir. 2007) ........................................................ 15

*Wilner v. Allstate Ins., Co.*,
    71 A.D.3d 155 (N.Y. App. Div. 2010) .......................................... 15

**Statutes**

N.Y. Gen. Bus. Law § 349 ................................................................ 14, 15

**Rules and Regulations**

Fed. R. Civ. P. 12(b)(2) ......................................................................... 1

Fed. R. Civ. P. 12(b)(6) ..................................................................... 1, 13

New York Civil Practice Law and Rules § 301 ............................... 5, 7, 8

New York Civil Practice Law and Rules § 302(a) ............................. 5, 8

New York Civil Practice Law and Rules § 302(a)(1) ............................ 8

New York Civil Practice Law and Rules § 302(a)(2) .......................... 10

New York Civil Practice Law and Rules § 302(a)(3) .......................... 11

New York Civil Practice Law and Rules § 302(a)(3)(ii) ...................... 12

New York Civil Practice Law and Rules § 302(a)(4) .......................... 12

Defendant Positive Impact, Inc. ("Positive Impact") respectfully submits this Memorandum of Law in support of its motion to dismiss the complaint filed by Plaintiff DH Services, LLC ("DH") for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

In this action, DH, an online dating and social networking service targeted to gay men, seeks to invoke the jurisdiction of this Court to pursue an unavailing declaratory judgment action against Positive Impact, a Georgia non-profit corporation offering gay men's health counseling and HIV education and prevention services. Positive Impact has offered its services under the mark MISTER since 2010; in 2011, DH adopted the marks MISTER and MR. for a mobile application that permits gay men to hook up with each other for a broad range of sexual encounters, including unprotected sex that increases the risk of HIV infection.

DH seeks to hale Positive Impact into New York's federal courts in contravention of the New York long arm statute, and in violation of Positive Impact's constitutional due process rights. As DH alleges in its own complaint, Positive Impact has no presence in New York, it transacts no business here, and it otherwise has no contact with this forum whatsoever. Positive Impact has merely sent a single demand letter asserting its trademark rights to DH's California counsel—conduct that has been consistently held insufficient to support personal jurisdiction in New York's courts. On the basis of this same letter, DH has alleged common-law unfair competition and deceptive acts and practices under New York's General Business Law that fail as a matter of law.

1

Accordingly, DH's Complaint must be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2) and its claims for deceptive acts and practices and common-law unfair competition must be dismissed pursuant to Rule 12(b)(6).

## BACKGROUND FACTS

The facts relevant to a determination of this motion are drawn from DH's Complaint ("Compl.") and the October 16, 2012 Declaration of Paul Plate in Support of Defendant's Motion to Dismiss, submitted herewith ("Plate Decl.").  The April 30, 2012 letter from Positive Impact's counsel to DH's counsel, referenced in the Complaint (¶¶ 21-22) is annexed as Exhibit D to the Plate Decl.[1]

**The Parties**

Positive Impact is a non-profit corporation organized and existing under the laws of Georgia with its business headquarters located in Atlanta, Georgia.  Compl. ¶ 7.  Positive Impact operates "a non-profit mental health counseling, substance abuse treatment and risk-reduction service program for people affected by HIV," offering among other things "HIV testing, support and counseling services for individuals affected by HIV, and education and information services regarding HIV and other sexually transmitted diseases." *Id.* ¶¶ 16-17.  Since at least as early as 2010, Positive Impact has offered these services under the mark MISTER ("Positive Impact's MISTER Mark").  *Id.* ¶¶ 17-22.

DH, a New York limited liability company, is a "communication software and application service provider that offers online and mobile social networking and dating services

---

[1] "For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference, as well as public disclosure documents . . . , and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88-89 (2d. Cir. 2000) (internal citations omitted); *see also Langenberg v. Sofair*, No. 03 CV 8339, 2006 WL 2628348, at *5 (S.D.N.Y. Sept. 11, 2006) ("[C]ourts are authorized to rely on affidavits submitted by the parties in deciding a Rule 12(b)(2) motion to dismiss.").

to its users." Compl. ¶ 8. More specifically, as stated on its website daddyhunt.com, "Daddyhunt is an attitude-free online personals community with over 220,000 real men. We are the largest free social network, dating, and chat site for Gay Daddies, Silver Daddies, Muscle Daddies, Bears, Leather Daddies, Big Daddies and Daddy-lovers. Our mission is to celebrate older gay men and to create a healthy, fun alternative to meat-market websites. Meet hot guys (chubby to muscle and everything in between), chat, share photos, discuss issues facing older guys, and build mature rewarding relationships with men of all ages." Plate Decl. ¶ 4, Ex. A. As alleged in its complaint and shown on its website, DH offers a downloadable mobile application, or "app," under the marks MISTER and MR. ("DH's MISTER Marks"). *Id*.; Compl. ¶ 10.

At its download page on Apple Inc.'s APP STORE marketplace, a link to which is shown on DH's home page, the MISTER app is described as follows: "MISTER is a free social and dating app for adult men who are gay, bi or curious and looking to meet other guys. We say 'adult men' because on MISTER, the men tend to be more mature and down-to-earth than on other gay dating apps. MISTER men are diverse. There are suit-and-tie professionals and carefree outdoorsmen, tattooed gay skaters and beer-guzzling bears, leather men and vegan yogis, self-proclaimed flirts and relationship-minded homebodies, bearded guys, bald guys, jocks and muscle daddies. With MISTER, you'll have access to over 500,000 gay men from around the world." Plate Decl. ¶ 6, Ex. C. According to the Complaint, DH began offering the MISTER app in May 2011. Compl. ¶ 10.

**Positive Impact's Lack of Contacts with New York**

Positive Impact transacts no business in New York and has no appreciable contacts of any kind with the State. It does not advertise, solicit or transact any business in New York. Plate Decl. ¶¶ 8-13. It has no offices, employees, addresses or telephone numbers in New York. *Id*. ¶ 11. It does not own, lease or control any real or personal property or other assets in New York.

3

*Id.* ¶ 12.  It has no bank account in New York, nor does it pay any taxes to the State of New York.  *Id.* ¶ 12.

Positive Impact's only alleged "contact" with New York was a single letter it sent to DH's counsel in San Francisco.  On April 30, 2012, Positive Impact's pro bono counsel in Atlanta, Georgia sent a letter to DH's counsel in San Francisco, California, who had filed an application on DH's behalf to register the MISTER trademark with the United Stated Patent and Trademark Office.[2]  *Id.* ¶ 14, Ex. D.  In that letter, Positive Impact's counsel cited Positive Impact's trademark rights in its MISTER Mark, asserted that DH's use of DH's MISTER Marks constitutes trademark infringement and dilutes Positive Impact's mark, and requested that DH cease use of DH's MISTER Marks, including abandoning its applications to register the marks with the U.S. Patent and Trademark Office.  Compl. ¶ 21; Plate Decl., Ex. D, pp.1-2.  That letter explained that Positive Impact is particularly concerned with DH's use of DH's MISTER Marks due to the fact that "[DH's] use of the Mark in association with a dating service that is used frequently to solicit unsafe sex among gay men is antithetical to [Positive Impact's] mission and use of the Mark."  *Id.*, Ex. D, pp. 1-2.  Positive Impact's letter also cited to numerous instances of actual confusion substantiating its claims.  *Id.*, Ex. D, p. 2.

Positive Impact's counsel and DH's counsel subsequently engaged in settlement discussions.  Compl. ¶ 23.  While these discussions were still underway, DH filed the instant action on August 10, 2012 seeking, *inter alia*, a declaratory judgment of non-infringement as well as a finding that Positive Impact has engaged in common law unfair competition and violated New York's General Business Law § 349.

---

[2] DH's application identified as counsel of record Mario Kashou of Farrallon Law Group LLP in San Francisco, California.

**ARGUMENT**

**I.    THE COURT LACKS PERSONAL JURISDICTION OVER POSITIVE IMPACT**

"Upon motion, the Court is required to dismiss an action against any Defendant over whom it lacks personal jurisdiction." *DirectTV Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 416 (S.D.N.Y. 2010).  On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Id.*  (internal quotation marks omitted).  In both diversity and federal question cases, the federal court determines personal jurisdiction over a non-domiciliary defendant by applying the law of the state in which the court sits.  *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997); *DirectTV Latin Am.*, 691 F. Supp. 2d at 417.

Under New York law, personal jurisdiction may be conferred over an out-of-state defendant on two bases: (1) general jurisdiction pursuant to New York Civil Practice Law and Rules ("CPLR") § 301; and (2) specific jurisdiction under the New York long-arm statute codified at CPLR § 302(a).  *Beja v. Jahangiri*, 453 F.2d 959, 961 (2d Cir. 1972); *Seldon v. Magedson*, No. 11 Civ. 6218 (PAL)(MHD), 2012 WL 4475020, at *2 (S.D.N.Y. Sept. 28, 2012).  Neither statute supports the exercise of personal jurisdiction over Positive Impact in this case.

**A.    Positive Impact's Mailing of a Letter to DH's California Counsel is Insufficient to Confer Personal Jurisdiction**

DH's Complaint fails to allege any contacts whatsoever between Positive Impact and the State of New York.  Indeed, the only "contacts" alleged in DH's Complaint (Compl. ¶¶ 21, 23) are the April 30, 2012 letter that was sent by Positive Impact's counsel in Georgia to DH's counsel in San Francisco and subsequent telephonic settlement discussions between Positive

Impact's counsel in <u>Georgia</u> and DH's counsel in <u>San Francisco</u>.[3]  Plate Decl. ¶¶ 14-16.  Such communications with the out-of-state counsel for a New York corporation are insufficient to ground personal jurisdiction in New York as a matter of law.  *See Beacon Enters., Inc. v. Menzies,* 715 F.2d 757, 765 (2d Cir. 1983) ("It is difficult to characterize Menzies' letter alleging infringement in an unspecified locale and threatening litigation in an unspecified forum as an activity invoking the 'benefits and protections' of New York law."); *Fox v. Boucher*, 794 F.2d 34, 37 (2d Cir. 1986) ("One single telephone call made to New York State is insufficient contact to support a suit initiated in that forum against an out-of-state resident under either the contract or tort provisions of CPLR 302.").

The Second Circuit held in *Fox* that "[i]t would offend 'minimum contacts' due process principles to force Boucher, a Massachusetts resident, to litigate this claim in a New York forum on the basis of one telephone call."  794 F.2d at 37.  *See also Van Essche v. Leroy*, 692 F. Supp. 320, 326-27 (S.D.N.Y. 1988) (relying on *Fox,* and finding no meaningful distinction, for jurisdictional purposes, between a telephone call and a letter).  *A fortiori*, a letter sent or call made from Georgia to California cannot, consistent with due process, support jurisdiction in New York.

DH alleges no other acts by which Positive Impact sought to avail itself of the benefits and protections of New York law or had any other contacts with the State.  It is seeking to bully Positive Impact by forcing it to defend a frivolous declaratory judgment action in an inconvenient forum.  DH lacks a good faith basis to assert personal jurisdiction over Positive Impact in New York.

---

[3] After sending its demand letter to Plaintiff's identified counsel, Positive Impact was advised that Plaintiff would now be represented by Michael Rodenbaugh of Rodenbaugh Law in San Francisco, California, and all settlement negotiations were conducted with Mr. Rodenbaugh.  Plate Decl. ¶¶ 15-16.

**B.    Positive Impact's Informational Website is Insufficient to Confer Personal Jurisdiction**

Like most businesses today, Positive Impact does maintain a non-interactive informational website, describing the services it offers, but this too fails to provide any basis for personal jurisdiction in New York.  Positive Impact's website is not "purposefully directed towards New York," *Holey Soles Holdings, Ltd. V. Foam Creations, Inc.*, No. 5 CIV 6939 (MBM), 2006 WL 1147963, at *4 (S.D.N.Y. May 1, 2006), and instead merely "allows anyone with an Internet connection around the globe to learn more about [Positive Impact's] products." *Id.*  As Judge Mukasey has recognized,

> [i]f such a website gave rise to general jurisdiction, then millions of retailers located throughout the globe could be haled into New York courts for any claim brought against them by any party; such a finding would contravene the purposefully narrow reach and long-standing stringent application of C.P.L.R. § 301.

*Id.*

**C.    Positive Impact Has No Continuous or Systematic Contacts with New York Sufficient to Establish General Jurisdiction Under CPLR § 301**

DH has failed to allege any facts to support the exercise of general jurisdiction in New York.  General jurisdiction pursuant to CPLR § 301 exists over a non-domiciliary defendant only "if the defendant is engaged in such a continuous and systematic course of doing business [in New York] as to warrant a finding of its presence in this jurisdiction." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) (internal quotations omitted) (dismissing third-party complaint for lack of personal jurisdiction).  A party must be present in New York "with a fair measure of permanence and continuity" for a court to confer jurisdiction.  *Id.*  Occasional or casual contacts in the state are not sufficient.  *Id.*  Facts that support the exercise of general personal jurisdiction typically include "the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other

7

property in New York; and the presence of employees or agents in New York." *Id.*; *Schultz v. Safra Nat'l Bank of N.Y.*, 377 F. App'x 101, 102 (2d Cir. 2010).

DH has not alleged any facts that show Positive Impact has engaged in *any* business in New York, much less a "continuous and systematic course of doing business in New York." Rather, DH's Complaint expressly alleges that Positive Impact is "a non-profit organized and existing under the laws of the State of Georgia," with a "sole physical location in Atlanta, Georgia," and "offers its M.I.S.T.E.R. services exclusively at its location in Atlanta, Georgia and promotes its services solely to individuals in the Atlanta area."[4] Compl. ¶¶ 7, 18-19. Positive Impact does not in fact maintain an office in New York, solicit business in New York, maintain bank accounts in New York, or maintain any employees or agents in New York. Plate Decl. ¶¶ 8-13.

Accordingly, DH has not, and cannot, demonstrate that general jurisdiction exists over Positive Impact under CPLR § 301.

### D. Positive Impact is Not Subject to Specific Jurisdiction in New York Under CPLR § 302(a)

The New York long-arm statute, CPLR § 302(a), authorizes personal jurisdiction over non-domiciliaries only under certain limited and enumerated circumstances that are not present here.

### 1. Positive Impact Does Not Transact Business or Supply Goods or Services in New York

CPLR § 302(a)(1) authorizes specific personal jurisdiction over an out-of-state defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state," but only if "the claim asserted . . . arise[s] from that business activity." *Sole Resort,*

---

[4] Positive Impact does promote its services in states adjacent to Georgia, including Tennessee and Alabama. Plate Decl. ¶ 7.

*S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006).  Here, Positive

Impact transacts no business in New York whatsoever.  Plate Decl. ¶¶ 8-13.

A defendant "transacts business" under Section 302(a)(1) "only when [it] purposefully

avails [itself] of the privilege of conducting activities within New York, thus invoking the

benefits and protections of the state's laws."  *Girl Scouts of U.S. v. Steir*, 102 F. App'x 217, 219

(2d Cir. 2004).  Factors relevant to determining whether a party has transacted business in New

York include an on-going relationship with a New York corporation, presence in the state, and

solicitation of business in New York, and the ultimate determination is based on the totality of

the circumstances.  *See Mayes v. Leipziger*, 674 F.2d 178, 183 (2d Cir. 1982) (communications

by defendant to a New York client through letters and phone calls was not transacting business in

New York sufficient to assert jurisdiction over defendant); *Carlson v. Cuevas*, 932 F. Supp. 76,

78 (S.D.N.Y. 1996) (granting motion to dismiss where defendants did not transact business in the

state).

Positive Impact offers education, mental health, and substance abuse programs for those

infected with HIV out of its Atlanta, Georgia office.  Compl. ¶¶ 17-19.  Positive Impact does not

have an ongoing relationship with any New York-based organization, it does not regularly visit

the state, and it does not actively solicit business in the state.  Plate Decl. ¶¶ 9-10.  Nor has DH

alleged otherwise.  As discussed in Point I.A above, the only potentially salient allegation made

by DH is that Positive Impact's counsel sent an April 30, 2012 letter to DH's counsel in San

Francisco, and subsequently discussed settlement by phone.  Courts in this Circuit, however,

have consistently held that an interstate letter communicating a party's rights does *not* constitute

a business transaction under Section 302(a).  *Stein v. Annenberg Research Inst.*, No. 90 Civ.

5224, 1991 WL 143400, at *2 (S.D.N.Y. July 19, 1991) (making a telephone call and

transmitting a telefax to New York does not constitute a transaction of business). As Judge Griesa held in *Rebound Systems, Inc. v. Matchpoint Industries, Inc.*: "I cannot accept the proposition that, under the New York long-arm statute, the mere giving of notice of a possible legal claim under the patent or trademark laws, whether by letter or in person, constitutes the transacting of business." 192 U.S.P.Q. 346, 347-48 (S.D.N.Y. 1976)

In applying Section 302(a)(1), "New York courts have cautioned . . . that defendants, as a rule, should be subject to suit where they are normally found, that is, at their pre-eminent headquarters, or where they conduct substantial business activities." *DirectTV Latin Am. LLC*, 691 F. Supp. 2d at 418. "Only in a rare case should [defendants] be compelled to answer a suit in a jurisdiction with which they have the barest of contact." *Id*. Here, DH admits that Positive Impact lacks event the barest of contact with New York.

### 2.     Positive Impact Has Not Committed a Tort Within the State

CPLR § 302(a)(2) confers specific jurisdiction when a non-domiciliary defendant "commits a tortious act within the state." At the outset, Positive Impact has not committed any torts whatsoever. As discussed below in Section II, DH's far-fetched claims for "unfair competition" and "deceptive acts and practices" fail to allege requisite elements of these torts (nor do they allege that these ostensible torts were committed in New York), and these claims are ripe for dismissal as a matter of law. Absent any tort, there can be no jurisdiction under Section 302(a)(3).

New York courts and the Second Circuit have "consistently interpreted § 302(a)(2) jurisdiction narrowly." *DirectTV Latin Am. LLC*, 691 F. Supp. 2d at 418 (quoting *Carlson*, 932 F. Supp. at 79). Personal jurisdiction under Section 302(a)(2) is predicated on the defendant committing a tortious act within New York. *Bensusan Rest. Corp.*, 126 F.3d at 28 (granting motion to dismiss). The Courts emphasize that this provision "is 'plain and precise' and confers

personal jurisdiction over non-residents '*when they commit acts within the state.*'" *Id.* (emphasis in original) (quoting *Feathers v. McLucas*, 15 N.Y.2d 443, 458 (1965)). "*Feathers* adopted the view that CPLR § 302(a)(2) reaches only tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act." *Id.*

A defendant's *physical presence* in New York is a prerequisite to jurisdiction under Section 302(a)(2). *Bensusan Rest. Corp.*, 126 F.3d at 28; *Feathers*, 15 N.Y.2d at 458. DH has not alleged any acts by Positive Impact while physically present in New York,[5] nor has Positive Impact ever been physically present in New York in any event. There is no tort, there is no physical presence, and there is no jurisdiction under Section 302(a)(2).

> **3.     Positive Impact Has Not Committed a Tort Outside the State Causing Injury Within the State**

DH has also failed to allege any facts sufficient to confer jurisdiction under CPLR § 302(a)(3), which allows specific jurisdiction over an out-of-state defendant who "commits a tortious act without the state causing injury to person or property within the state," but only if the defendant "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state," or "(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." Here, none of these elements apply.

---

[5] The April 30, 2012 letter and subsequent telephone conversations between the parties' out-of-state counsel cannot constitute acts "within the state," and this would be true even had DH's attorney been in New York. *See, e.g., Daly v. Llanes*, 30 F. Supp. 2d 407, 412 (S.D.N.Y. 1998) ("Telephone calls placed, and letters mailed from, outside the state into New York do not constitute tortious acts committed 'within the state' for purposes of § 302(a)(2)."); *Carlson*, 932 F. Supp. at 80-81 ("[T]he phone calls made and letters sent by defendants' Florida attorney to New York are not enough to bring the Larrain defendants within the parameters of New York's long arm jurisdiction under § 302(a)(2)").

First, as addressed in the Point above and discussed in detail below in Section II, Positive Impact has not committed any torts whatsoever.  Absent any tort or related injury, there can be no jurisdiction under Section 302(a)(3) at all.

Second, as discussed in Point I.C above, Positive Impact has not transacted any business in, nor derived any revenue from, New York, and DH has not alleged anything to the contrary. DH has therefore failed to establish that Section 302(a)(3)(i) applies here.

Third, Section 302(a)(3)(ii) has no application because Positive Impact has not committed any tortious act and so certainly could not "expect . . . the act to have consequences in the state."  Moreover, the intent of this subsection is to "exclude non-domiciliaries whose business operations are of a local character."  *Bensusan Rest. Corp.*, 126 F.3d at 29 (citation omitted).  Here, Positive Impact's business renders services to individuals in the state of Georgia and adjacent states, and does not derive any revenue from interstate or international commerce that would be substantial enough to permit the exercise of personal jurisdiction over Positive Impact under this subsection.  Plate Decl. ¶¶ 7-9.

DH has failed to satisfy any of the requisite elements of Section 302(a)(3), and there is no personal jurisdiction under this Section.

### 4.      Positive Impact Does Not Own, Use or Possess Any Real Property Within New York

CPLR § 302(a)(4) provides for jurisdiction over a non-domiciliary who "owns, uses or possesses any real property within the state."  Here, Positive Impact does not own, use or possess any such real property, Plate Decl. ¶ 12, nor has DH alleged to the contrary.  Accordingly, there is no jurisdiction under Section 302(a)(4).

## II.   DH'S FOURTH AND FIFTH CLAIMS FAIL TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED

Positive Impact also moves pursuant to Rule 12(b)(6) to dismiss DH's state and common-law claims for failure to state a claim upon which relief can be granted.  For a claim to survive a motion to dismiss under 12(b)(6), the Complaint must contain "sufficient factual matter which, if accepted as true, states a claim that is plausible on its face."  *DirectTV Latin Am.,* 691 F. Supp. 2d at 428 (internal quotation marks omitted).  "If the allegations of a complaint show that the complained-of conduct was not only compatible with, but indeed was more likely explained by, lawful conduct, no claim for relief is stated."  *Id*. (internal quotation marks omitted).

### A.   DH Has Not Alleged Requisite Elements of Its Unfair Competition Claim

DH's fourth claim, for common law unfair competition, fails to plead the requisite elements and must be dismissed as a matter of law.  To lay a claim of unfair competition in New York, DH must allege either actual confusion or the likelihood thereof.  Here, not only has DH failed to plead likely or actual confusion, but its entire Complaint is premised on its assertion that "[t]here is no likelihood of confusion between Plaintiff's federally registered MISTER and MR. marks and the alleged common law M.I.S.T.E.R. mark of the Defendant."  Compl. ¶ 33.  Its claim for unfair competition must therefore be dismissed.

"New York law has long recognized two theories of common-law unfair competition: palming off and misappropriation.  Palming off refers to the sale of the goods of one manufacturer as those of another, while misappropriation encompasses the principle that one may not in bad faith misappropriate the results of the skill, expenditures and labor of a competitor."  *Rockland Exposition, Inc. v. Alliance of Auto. Serv. Providers of N.J.*, No. 08-CV-7069 (KMK), 2012 WL 4736333, at *23 (S.D.N.Y. Sept. 19, 2012) (internal quotations and citations omitted).  "To prevail on a claim of unfair competition under New York law under

either a misappropriation or a palming off theory, a plaintiff must show a likelihood of confusion

or deception of the consuming public as to the source of the allegedly infringing product or

service and bad faith on the part of Defendants."  *Id.* at *24 (internal quotation and citation

omitted); *see also Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 35 (2d Cir.

1995) ("In a common law unfair competition claim under New York law, the plaintiff must show

either actual confusion in an action for damages or a likelihood of confusion in an action for

equitable relief.").

DH has failed to allege confusion of any kind, and has in fact alleged precisely the

opposite.  Its claim for unfair competition must be dismissed.  *Heptagon Creations, Ltd. v. Core*

*Grp. Mktg. LLC*, No. 11 Civ. 01794 (CTS)(AJP), 2011 WL 6600267, at *8-9 (S.D.N.Y. Dec. 22,

2011) (granting defendant's motion to dismiss plaintiff's complaint, including plaintiff's

common law claim for unfair competition, in part because plaintiff failed to plead a likelihood of

confusion.).

**B.    DH Has Not Alleged Requisite Elements of Its Claims for Unfair and
Deceptive Trade Practices**

DH's fifth claim for unfair and deceptive trade practices under N.Y. Gen. Bus. Law § 349

should also be dismissed as a matter of law.  To support this frivolous claim, DH alleges that

Positive Impact has "initiated a plan of attack against DH with the object of terminating DH's

trademark rights and registrations, its use of its marks and ultimately, damaging its business."

Compl. ¶ 51.  Yet Section 349 "'is, at its core, a consumer protection device,' not a tool to

resolve disputes between competitors.  . . .  Where the only alleged harm is that which is

generally associated with violations of intellectual property law, courts in this district have found

that plaintiffs cannot state a claim under § 349." *Eliya, Inc. v. Kohl's Dep't Stores*, No. 06 Civ.

195 (GEL), 2006 WL 2645196, at *7-8 (S.D.N.Y. Sept. 13, 2006) (quoting *Securitron*

14

*Magnalock Corp. v. Schnabolk,* 65 F.3d 256, 264 (2d Cir. 1995)) (dismissing plaintiff's Section

349 claim for "fail[ure] to allege sufficient public injury"); *see also*, *e.g.*, *Spirit Locker, Inc. v.*

*EVO Direct, LLC*, 696 F. Supp. 2d 296, 301, 304 (E.D.N.Y. 2010) (dismissing plaintiff's Section

349 claim and stating that Section 349 "is not a sword to be wielded in business-versus-business

disputes . . . where the party asserting the claim is not acting in a consumer role.") (internal

quotation and citation omitted); *Wilner v. Allstate Ins., Co.*, 71 A.D.3d 155, 163 (N.Y. App. Div.

2010) ("In connection with the character of General Business Law § 349 as a broad consumer

protection statute and the requirements that the complained of conduct have a 'broad impact on

consumers at large,' the statute does not apply to private [] disputes unique to the parties.").

In order to state a valid claim under Section 349 "[a] plaintiff…must prove three

elements: *first, that the challenged act or practice was consumer-oriented*; second, that it was

misleading in a material way; and third, that the plaintiff suffered injury as a result of the

deceptive act."  *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (N.Y. 2000) (internal citation omitted)

(emphasis added) (affirming dismissal of plaintiff's Section 349 claim); *see Samiento v. World*

*Yacht Inc.*, 10 N.Y.3d 70, 81 (2008) (affirming dismissal of plaintiff's Section 349 claim and

stating that "[i]n order to assert a prima facie cause of action under General Business Law § 349,

a plaintiff must be able to establish that a Defendant intended to deceive [plaintiff's] customers

to the customers' detriment and was successful in doing so.").

The first requirement, that the alleged unfair or deceptive act was consumer-oriented, is

the *sine qua non* of Section 349.  *See Oswego Laborers' Local 214 Pension Fund v. Marine*

*Midland Bank, N.A.*, 85 N.Y.2d 20, 25, (1995) ("As shown by its language and background,

section 349 is directed at wrongs against the consuming public."); *Vitolo v. Mentor H/S, Inc.*, 213

F. App'x 16, 17 (2d Cir. 2007) ("To state a claim under N.Y. Gen. Bus. Law § 349, a plaintiff

must prove, among other things, that the challenged act or practice was *consumer-oriented*.")
(internal quotation and citation omitted) (emphasis added).  DH has failed to allege—and could
never demonstrate—any consumer harm whatsoever. This alone dooms any claim under Section
349. *Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 292 F. Supp. 2d 535, 552
(S.D.N.Y. 2003) ("The Court dismisses [Plaintiff's] deceptive trade practices claim under N.Y.
Gen. Bus. Law § 349 because there is no allegation, let alone evidence, of public harm.")
(internal quotation and citation omitted).

  With respect to the second two elements, DH cannot prove that Positive Impact engaged
in any deceptive act or practice or that DH was injured as a result.  Positive Impact's demand
letter was a perfectly appropriate assertion of Positive Impact's prior trademark rights, protected
both by the First Amendment and the *Noerr-Pennington* doctrine.  *See, e.g.*, *DirectTV Inc. v.
Lewis*, No. 03-CV-6241-CJS-JWF, 2005 WL 1006030, at *5-6 (W.D.N.Y. Apr. 29, 2005)
("[P]relitigation activities, such as those engaged in here, are protected by the *Noerr-Pennington*
doctrine, a judicially created doctrine that protects a party's entitlement to act in furtherance of
the First Amendment right to petition governmental authorities for redress.") (citing *E. R.R*
*Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127 (1961) and *United Mine*
*Workers v. Pennington,* 381 U.S. 657 (1965)).  Although the *Noerr-Pennington* doctrine
originated in anti-trust litigation, it applies to other cases as well.  *Primetime 24 Joint Venture v.*
*NBC, Inc.*, 219 F.3d 92, 100 (2d Cir. 2000) ("Courts have extended Noerr–Pennington to
encompass concerted efforts incident to litigation, such as prelitigation 'threat letters.' . . .
Litigation . . . therefore falls within the protection of the Noerr–Pennington doctrine.") (internal
citations omitted).

DH did not and cannot plead the requisite elements of a Section 349 claim, and this claim must be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons, Positive Impact respectfully requests that the Court grant its Motion to Dismiss DH's Complaint for lack of personal jurisdiction and dismiss the unfair competition and unfair and deceptive trade practices claims for failure to state a claim upon which relief may be granted.

Dated:   New York, New York
         October 17, 2012

**KILPATRICK TOWNSEND
& STOCKTON LLP**

 /s/ Robert Potter
Lisa Pearson (LP 4916)
Robert Potter (RP 5757)
1114 Avenue of the Americas, 21st Floor
New York, New York 10036
Tel:  (212) 775-8700
Fax:  (212) 775-8800
Email: lpearson@kilpatricktownsend.com
Email: rpotter@kilpatricktownsend.com

*Attorneys for Defendant Positive Impact, Inc.*

17